## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| **KARLA BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:03-CV-00160** |
| | ) | |
| **JO ANNE B. BARNHART, Commissioner of** | ) | |
| **Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Plaintiff Karla Brown brought this suit to contest a denial of disability benefits by Defendant Jo Anne B. Barnhart, Commissioner of Social Security ("Commissioner"). (Docket # 3.)  On December 29, 2003, this Court entered an order that reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. (Docket # 19.) Brown's attorney, Joseph W. Shull, now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $17,387 for his representation of Brown in federal court.[1] (Docket # 21.)

For the reasons set forth herein, Shull's motion for authorization of attorney fees will be GRANTED, except that his requested fee of $17,387 will be reduced to $12,940.

### A.  Relevant Factual and Procedural Background

On April 30, 2003, Shull and Brown entered into a contingent-fee agreement for Shull's

---

[1] The Commissioner has not filed a response to Brown's motion.

representation of Brown in federal court.[2] (Mem. in Supp. of Pl.'s Attorney's Mot. for an Award of Att'y Fees Under 42 U.S.C. § 406(b) ("Mem. in Supp. of Atty's Fees") at Ex. B.)  Under the agreement, Brown agreed that Shull would "charge and receive as his fee an amount equal to twenty-five percent (25%) of the past-due benefits which are awarded to . . . [her] in the event [her] case is won." (*Id.*)  On December 19, 2003, after Shull had spent thirty hours advocating her claim in federal court, Brown received a favorable judgment from this Court, and her case was remanded to the Commissioner for further proceedings.[3] (Docket # 19, 20.)

On March 30, 2005, the Commissioner awarded disability benefits to Brown beginning November 1995; as a result, Brown received $108,348 in past-due benefits. (*Id.* at Ex. A.)  At the same time, the Commissioner awarded Shull $5,300 in attorney fees for his representation of Brown during the administrative proceedings. (*Id.*)

On November 20, 2006, Shull filed the instant motion, seeking the Court's authorization of a payment of $17,387 in attorney fees from Brown to Shull pursuant to the contingent-fee agreement.[4] (Docket # 21.)

### B.  Legal Standard

Fees for representing social security claimants, both administratively and before the federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793, 795-96.  Section 406(a) controls fees for representation in administrative proceedings and § 406(b) controls

---

[2] The most common fee arrangement between attorneys and social security claimants is the contingent-fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

[3] Shull, however, failed to timely file for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d); thus, no EAJA fees were awarded in this case. (*Id.* at Ex. D.)

[4] Brown does not object to the payment of $17,387 in attorney fees that Shull seeks. (*Id.* at Ex. E.)

attorney fees for representation in court. *Id.* at 796.  Unlike fees obtained under the EAJA,[5] the fees awarded under § 406 are charged against the claimant, not the government. *Id.*

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his representation at the administrative level. 42 U.S.C. § 406(a); 20 C.F.R. § 404.1725(b); *Gisbrecht*, 535 U.S. at 794-95.  There are, however, limits on the amount that can be awarded by the Commissioner pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 794-95.

In addition to the fee award available pursuant to § 406(a), under § 406(b) an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[6] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.  The combination of fees awarded under § 406(a) and § 406(b), however, can never exceed twenty-five percent of the past-due benefits awarded to the claimant. *Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 661 (N.D. Ill. 2004); *Bartrom v. Barnhart*, No. 1:99-CV-44, 2003 WL 21919181, at *2-3 (N.D. Ind. Feb. 26, 2003).  Moreover, § 406(b) has been harmonized with the EAJA; though fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Unlike the award by the Commissioner under § 406(a), the court is required under §

---

[5] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when its position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[6] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Id.* at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

406(b) to review for reasonableness the attorney fees yielded by contingent-fee agreements. *Id.*

at 809.  The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.  Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.  If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court.  If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id.* at 807 (internal citations omitted).

### C. Discussion

Here, Shull requests that the Court authorize under § 406(b) the payment of attorney fees

in the amount of $17,387 pursuant to his contingent-fee agreement for his representation of

Brown in federal court.  Thus, the Court is charged with determining whether Shull's requested

fee under the contingent-fee agreement is "a reasonable fee for such representation, not in excess

of 25 percent of [Brown's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A).

In calculating his requested fee, Shull starts with $27,087, which constitutes twenty-five

percent of $108,348, the amount of Brown's past-due benefits award. (*See* Mem. in Supp. of

Att'y Fees at Ex. E.)  He first subtracts $5,300, the attorney fee he received from the

Commissioner for representation during the administrative proceedings, and then subtracts

$4,400, the maximum amount of the EAJA fee if it had been fully approved.[7] (*Id.*)  He ultimately

---

[7] Shull explains that he failed to timely file a petition under the EAJA for attorney fees in this case. Consequently, during his calculation he deducts the maximum amount of EAJA fees ($4,400) that could have been awarded to avoid charging Brown for fees that might otherwise have been paid by the government.

arrives at his requested fee of $17,387, explaining that this result represents an "effective rate" of $578 per hour for the thirty hours he spent representing Brown in federal court. (*Id*.)  Shull asserts that his requested fee, in particular, his "effective rate," is reasonable considering that (1) it reflects the contingent nature of the recovery; (2) it is in alignment with the fees of other attorneys in the local market; (3) he achieved an excellent result for Brown; and (4) he provided Brown with effective and efficient representation, which he attributes to his significant experience and knowledge in the area of social security disability law. (*Id*. at 8-11, Ex. F.)

The Court is persuaded, at least in part, by Shull's argument in support of his fee. Indeed, the requested amount of $17,387 when added to $5,300, the amount awarded by the Commissioner for representation during the administrative proceedings, is less than twenty-five percent of Brown's past-due benefit award.  Thus, Shull's request is in accordance with § 406 and the contingent-fee agreement between Shull and Brown.

Furthermore, Shull has demonstrated that the "effective rate" of $578 per hour is reasonable for a contingent-fee recovery in this instance.[8]  Shull produced the Affidavit of Steven Jackson, a local attorney who is experienced in representing social security claimants, in which Jackson states that "a fee of $250-$275/hr. is a fair and reasonable estimate of a non-contingent hourly rate for an attorney doing similar work in the District Court." (Aff. of Steven L. Jackson ¶ 8.)  Indeed, considering that a contingent fee involves a substantial risk of loss, a

---

[8] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-cv-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004).  Here, Shull spent a significant amount of time in his supporting memorandum arguing that an "effective rate" of $578 per hour is reasonable; consequently, rather than endorsing a strict lodestar approach, the Court in its analysis is merely responding to Shull's argument concerning his proposed "effective rate." *See Gisbrecht*, 535 U.S. at 807 n.17 (emphasizing that the attorney bears the burden to persuade the Court that the requested fee is reasonable).

contingent fee with an "effective rate" twice that of a non-contingent fee does not appear

unreasonable. *See Gisbrecht*, 535 U.S. at 804-07 (explaining the contingent nature of a fee under

§ 406(b)); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov.

22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court

level because a substantial evidence standard of review governs rather than a *de novo* standard . .

. . [and] because there are no settlements.").

Moreover, Shull obtained a significant result for Brown and undoubtedly provided her

with quality representation.  This Court is well aware of Shull's numerous years of experience

and significant knowledge in the area of social security disability law. (*See* Mem. in Supp. of

Att'y Fees at Ex. D (describing in detail Shull's professional experience in the area of social

security law).)

Nonetheless, the Court will not award to Shull the entire fee that he requests, as his

method of calculating his "effective rate" is unconvincing.  To explain, Shull subtracts the

$4,400 potential EAJA recovery *before* calculating the "effective rate" of $578 per hour that he

advocates for in his motion.  However, as discussed *supra*, the lesser of the amount of attorney

fees awarded under § 406(b) and the EAJA must be refunded to the claimant.  Thus, the amount

of Shull's potential EAJA recovery should never have been included in his "effective rate"

computation, as it simply constitutes the "lesser" of the two fees that would have been refunded

to Brown.

To more accurately compute Shull's contended "effective rate," Shull should have started

with $27,087 (twenty-five percent of Brown's past-due benefits award), subtracted $5,300 (the

representation fees awarded by the Commissioner), and then divided by thirty (the number of

hours Shull represented Brown in federal court), never allowing the potential EAJA recovery to

enter into the equation.  After performing the calculation in this manner, it becomes apparent that Shull is actually requesting that the Court authorize an award reflecting an "effective rate" of $726 per hour, not $578 per hour.

However, Shull, who carries the burden of persuasion here, never asserted that an "effective rate" of $726 per hour was reasonable. *See Gisbrecht*, 535 U.S. at 807 n.17.  Rather, he spent much of his supporting memorandum arguing that an "effective rate" of $578 per hour was appropriate, which, as discussed *supra*, the Court considers persuasive.  Consequently, when multiplying Shull's advocated "effective rate" of $578 per hour by his thirty hours of representation, we arrive at a fee of $17,340, which must then be reduced by $4,400, the amount of the potential EAJA recovery. *See Gisbrecht*, 535 U.S. at 796.  This results in a fee award to Shull in the amount of $12,940, which the Court concludes is reasonable in this instance.

Therefore, Shull's requested fee under § 406(b) will be authorized by this Court but will be reduced from $17,387 to $12,940.

### D.  Conclusion

For the foregoing reasons, Shull's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Docket # 21) is GRANTED, except that his requested fee of $17,387 is reduced to $12,940.

SO ORDERED.

Enter for this 19th day of January, 2007.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge